IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

JOHN CLARK SCALES, JR.                                                          PLAINTIFF
ADC # 138509

V.                              3:09-cv-00087-JMM-JJV

JONESBORO POLICE DEPARTMENT and
VIC BROOKS, Detective, Jonesboro Police
Department                                                                      DEFENDANTS

## ORDER OF DISMISSAL

Plaintiff, a prisoner at the East Arkansas Regional Unit, filed a *pro se* Complaint (Doc. No. 1) pursuant to 42 U.S.C. § 1983.  After carefully reviewing Plaintiff's pleadings pursuant to its screening function under 28 U.S.C. § 1915A(a), the Court concludes that this action must be dismissed for failure to state a cognizable claim for relief under § 1983.

**I.      Screening**

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has failed to state a claim upon which relief may be granted.  28 U.S.C. § 1915(A)(b).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007).

In reviewing a *pro se* complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must

also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 112 S.Ct. 1728, 1733 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  But, whether a plaintiff is represented or appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F .2d 1334, 1337 (8th Cir. 1985).

To state a claim for relief, the complaint must contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The United States Supreme Court recently provided additional guidance in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (May 18, 2009), and stated that the "short and plain statement" requirement "does not require 'detailed factual allegations,'... it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555).  The Court further stated, "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' ... Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (citing *Twombly*, 550 U.S. at 557).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (citing *Twombly*, 550 U.S. at 570).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id*. (citing *Twombly*, 550 U.S. at 557, 127 S.Ct. at 1955).

## II.    Analysis of Plaintiff's Claims

It appears from Plaintiff's Complaint (Doc. No. 1) and Amended Complaint (Doc. No. 7) that he was arrested and his parole revoked because of an altercation with another individual.  According to Plaintiff, he was injured while trying to defend himself against an assailant, but the investigating officer, Detective Brooks, refused to investigate Plaintiff's version of events or to allow Plaintiff to

"press charges" of his own against his alleged attacker. He seeks that this Court dismiss the pending charges against Plaintiff, effect the arrest of his alleged assailant, and order his alleged attacker, who is not listed as a party defendant, to pay Plaintiff's medical bills resulting from the altercation. For the reasons below, the law under which he brings this cause of action does not afford Plaintiff the ability to obtain the requested relief.

On August 25, 2009, the Court denied Plaintiff's request for leave to proceed *in forma pauperis* on the basis of his financial worth (Doc. No. 17) and directed that his $350 filing fee was due in full within thirty days. That Order was mailed to Plaintiff at his most current address, the East Arkansas Regional Unit of the Arkansas Department of Correction, and has not been returned as undeliverable. More than thirty days have elapsed since the entry date of that order and Plaintiff has failed to submit the filing fee as directed. For this reason, Plaintiff's claims are subject to dismissal without prejudice pursuant to Local Rule 5.5(c)(2).[1]

### A.     Claims against Detective Brooks

Plaintiff has not alleged a single instance of injury as a result of the alleged actions by Detective Brooks. Plaintiff does not complain that his arrest was unconstitutional, or that he was subjected to excessive force. At best, Plaintiff has alleged that Detective Brooks failed to perform the functions of his job. He cannot attempt to hold Detective Brooks responsible for the injuries he sustained at the hands of his attacker, or the revocation of his parole, which would have been the decision of a judge. The failure of Detective Brooks to arrest Plaintiff's attacker has not been the

---

[1] Local Rule 5.5(c)(2) states: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

actual cause of any harm to Plaintiff. Moreover, this Court cannot order that a non-party be responsible for Plaintiff's medical bills, nor will the Court assume jurisdiction over what is essentially a state law tort matter between Plaintiff and his assailant.

### B. Claims against the Jonesboro Police Department

Plaintiff cannot maintain a § 1983 action against the Jonesboro Police Department in the absence of an allegation of custom or policy giving rise to a claim. Section 1983 authorizes suits against any "person" acting under color of state law who subjects a citizen to the deprivation of constitutional rights. Neither a police department nor a city is an entity subject to suit under 42 U.S.C. § 1983. *Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992). To the extent that Plaintiff's Amended Complaint indicates his naming of the police department was an attempt to state a claim against unknown supervisors for not monitoring Brooks's cases, this too must fail because there is no individual supervisory liability under 42 U.S.C. § 1983. It is undisputed that defendants cannot be held liable under § 1983 on a *respondeat superior* basis. *Otey v. Marshall*, 121 F.3d 1150, 1155 (8th Cir. 1997). Supervisors may incur liability only for their personal involvement in a constitutional violation or for corrective inaction that amounts to deliberate indifference or tacit authorization of unconstitutional practices. *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993)

## III. Conclusion

IT IS THEREFORE ORDERED that:

1) Plaintiff's Complaint (Doc. No. 1) and Amended Complaint (Doc. No. 7) are DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted. Dismissal of this action constitutes a "strike" for purposes of 28 U.S.C. § 1915(g).[2]

---

[2] Title 28 U.S.C. § 1915(g) provides that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court

    2)       The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and the accompanying Judgment would not be taken in good faith.

    DATED this 22nd day of October, 2009.

                                                                     UNITED STATES DISTRICT JUDGE

---

of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted ... ."